JORDAN MARSH CO. *v.* UNITED STATES

**No. 4626.**—Invoices dated Kobe, Japan, December 22, 1935, etc.
Entered at Boston, Mass., February 7, 1935, etc.
Entry Nos. 8021, 1327, 8377, 155.

(Decided August 11, 1939)

*Barnes, Richardson & Colburn* (*Samuel M. Richardson* of counsel) for the plaintiff.
*Webster J. Oliver,* Assistant Attorney General (*Richard E. FitzGibbon* and *Richard F. Weeks,* special attorneys), for the defendant.

TILSON, Judge: The merchandise in these four appeals consists of wool hand hooked rugs imported into the United States from Dairen, Kwantung. The rugs involved in reappraisement 112835–A were invoiced and entered at 0.63 yen per square foot and those measuring 4 feet by 7 feet and less were appraised at 0.70 yen per square foot and those measuring more than 4 feet by 7 feet were appraised at 0.73 yen per square foot. In the three other reappraisements the rugs were entered under duress to meet advances made by the appraiser in Boston entry 6400, which was covered by reappraisement 111856–A.

At the trial of this case the record in reappraisement 111856–A was admitted in evidence, after counsel for the respective parties had agreed that the merchandise in the two cases was the same. There was also offered by counsel for the defendant, and admitted in evidence, a special agent's report, to which is attached what purports to be certified copies of two letters, one from William Turner and the other a letter which purports to be a translation of a letter from one Tomitaro Kurano & Co.

The following appears in my former decision on this same merchandise:

It appears from the record that all these rugs were appraised on the basis of export value from Japan. The plaintiff contends that Dairen is not any part of Japan and that the rugs never entered the commerce of Japan, and that therefore the appraisement of these rugs on the basis of a value for such or similar merchandise exported from Japan was erroneous. * * *

I find from the record that Dairen is no part of Japan, and also that this merchandise never entered the commerce of Japan, and that, therefore, the appraiser erred in taking the value of such or similar merchandise in Japan as the basis for his appraisement. * * *

In view of the fact that the additional evidence now before me was obtained some 4 years after these exportations, and the hearsay nature of all the statements contained therein, I am not inclined to give it sufficient weight and consideration to change my decision in the original case, a portion of which is quoted above.

After a careful consideration of all the evidence I find that Dairen is no part of Japan, and also that this merchandise never entered the commerce of Japan, and that the appraiser erred in taking the value of such or similar merchandise in Japan as the basis for his appraisement in these cases.   *United States* v. *Meadows, Wye & Co., Inc.*, T. D. 41622.

I therefore find and hold from the weight of the evidence that the proper dutiable export values of the merchandise covered by these appeals are 0.63 yen per square foot, plus bales and packing.   These appeals are, to this extent, sustained.   Judgment will be rendered accordingly.